**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. 20-1429-CBD** |
| | * | |
| **CHARLES NABIT,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

**JOINT MOTION**
**TO EXCLUDE TIME FROM SPEEDY TRIAL ACT CALCULATIONS**
**AND WITHIN WHICH TO INDICT**

The parties in this case jointly submit this Motion to Exclude Time Within Which to Indict and to Exclude Time under the Speedy Trial Act.

1. On June 2, 2020, the Honorable Charles B. Day signed a Criminal Complaint and Arrest Warrant for Defendant Charles Nabit. The Defendant was arrested on June 10, 2020 and had his initial appearance the same day. On June 10, 2020 the Honorable Beth P. Gesner ordered the Defendant released on conditions pending trial, after the defendant posted a secured property bond. In open court at his initial appearance, the Defendant waived his right to a preliminary hearing under Fed. R. Crim. P. 5.1.

2. The Speedy Trial Act provides that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). Title 18 U.S.C. § 3161(h)(7)(A) provides for the exclusion of

> "[a]ny period of delay resulting from a continuance granted by any judge on his [or her] own motion or at the request of the defendant or his [or her] counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

18 U.S.C. § 3161(h)(7)(A). The 30-day period from the date of arrest in this case is Friday, July 10, 2020.

3. The circumstances of this case require the continuance of the timeframe within which to indict under the Speedy Trial Act. On March 11, 2020, Chief Judge James K. Bredar entered a Standing Order imposing health- and travel-related limitations on access to Court facilities. *See* Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 00-308, ECF 90. Further restrictions to visitors to Court facilities were put in place in subsequent orders. *See* Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 00-308, ECF 94; Second Amended Standing Order No. 2020-02, *In re Standing Orders*, Misc. No. 00-308, ECF 96; Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 12 (limiting proceedings to Mondays, Wednesdays, and Fridays). On March 18, 2020, the Court also suspended all proceedings set to take place in the Southern Division U.S. Courthouse in Greenbelt, Maryland until further notice. *See* Order, *In re: Covid-19 Pandemic Procedures*, Misc. No. 20-146, ECF 3. On March 20, 2020, Chief Judge Bredar issued an order suspending jury selection and criminal trials and postponing all court appearances, hearings, and grand jury meetings through April 24, 2020. *See* Standing Order No. 2020-05, *In re Standing Orders*, Misc. No. 00-308, ECF 97. On April 10, 2020, Chief Judge Bredar issued another order, which supersedes Standing Order 2020-05, and further suspending jury selection and criminal trials, court appearances, hearings, and grand jury meetings through June 5, 2020. *See* Standing Order No. 2020-07, *In re Standing Orders*, Misc. No. 00-308, ECF 99. Standing Order 2020-07 provides that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and June 5, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and

any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Standing Order 2020-07, at 2. Standing Order 2020-07 further ordered that "due to the unavailability of a grand jury in this District, the 30-day time period for filing an indictment or an information is TOLLED as to each defendant during the time period March 16, 2020 through June 5, 2020, in alignment with 18 U.S.C. § 3161(b)." Standing Order 2020-07, at 3. On May 22, 2020, Chief Judge Bredar issued another order, which supersedes Standing Order 2020-07, further suspending criminal jury trials through July 31, 2020. *See* Standing Order No. 2020-11, *In re Standing Orders*, Misc. No. 00-308, ECF 103. Standing Order 2020-11 provides that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and July 31, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* Standing Order 2020-11, at 2-3. Standing Order 2020-11 further ordered that "due to the unavailability of a grand jury in this District, the 30-day time period for filing an indictment or an information is TOLLED as to each defendant during the time period March 16, 2020 through July 31, 2020, in alignment with 18 U.S.C. § 3161(b)." Standing Order 2020-11, at 3.

4.  These orders were imposed following the January 31, 2020 declaration of a public health emergency by the Secretary of Health and Human Services; the March 13, 2020 declaration of a national emergency by the President of the United States; and the March 5, 2020 declaration of a state of emergency by the Governor of Maryland, all related to the COVID-19 pandemic in the United States. On March 30, 2020, Maryland Governor Larry Hogan further ordered that no Maryland resident should leave their home unless it is for an essential job or for an essential reason, such as obtaining food or medicine, seeking urgent medical attention, or for other necessary

3

purposes. The measures enacted by Standing Order Nos. 2020-02, 2020-05, and 2020-07, the order suspending operations in the Greenbelt courthouse, and related orders suspending and limiting proceedings and operations were based upon guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. *See, e.g.,* Standing Order No. 2020-07, at 1. Standing Order No. 2020-11 noted that the Court continues to face significant challenges relating to the ongoing COVID-19 pandemic and that "[p]ublic health orders and recommendations reduce the Court's ability to obtain an adequate spectrum of jurors, and counsel against the presence of attorneys, litigants, and Court staff in physical courtrooms." Standing Order No. 2020-11, at 1.

5. In this motion, the parties seek to exclude the time period of June 10, 2020 through November 1, 2020 from the time period for filing an indictment under 18 U.S.C. § 3161(h)(7)(A). The parties further seek to exclude the time period of June 10, 2020 through November 1, 2020 from Speedy Trial Clock calculations and toll the normal 70 day timeframe during the pendency of that duration.

6. The Government requests this based on the extraordinary circumstances that the United States and the state of Maryland are currently under a state of emergency due to the spread of COVID-19, and the U.S. District Court for the District of Maryland suspended its criminal jury trials and grand jury meetings from March 16, 2020 through July 31, 2020 to prevent the spread of COVID-19. As the Court has found in Standing Order 2020-11, the ends of justice are served by this requested delay. It should be noted that the Grand Jury is again operating in the District of Maryland, but is doing so on an extremely limited basis as the Court and related agencies refine

their COVID-19 operating procedures. The United States Attorney's Office is thus similarly limited in the number of cases that it is able to present to this Grand Jury.

7. Moreover, the parties have had multiple communications concerning discovery, which is voluminous. Permitting the parties to jointly exclude time from Speedy Trial Act calculations, and delay the time further for an indictment, will permit additional time to provide discovery and attempt to resolve discovery disputes and and to begin the necessary research for pretrial motions, if any are needed.

8. The aforementioned facts establish that the ends of justice are served by the requested postponement and exclusion of time outweigh the best interests of the defendant and the public in a speedy trial, and the requested exclusion of time within which to indict or file an information is therefore justified by 18 U.S.C. § 3161(h)(7).

9. The Defendant, through his counsel, Steven A. Allen, Esq., consents to this Motion.

Wherefore, the parties respectfully request that the court enter an Order excluding the time period of June 10, 2020 and November 1, 2020 from the time period for filing an indictment or information and from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(7)(A), and that the Court further Order that extraordinary circumstances warrant this extension and that the interests of justice served by the requested extension and exclusion of time outweigh the interests of the public and the Defendant in a speedy trial. A proposed Order is submitted herewith.

Respectfully Submitted,

Robert K. Hur
United States Attorney

By:     /s/
Mary W. Setzer
Daniel A. Loveland, Jr.
Assistant United States Attorneys