IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 20-1429-CBD |
| | * | |
| CHARLES NABIT, | * | |
| | * | |
| Defendant | * | |
| | * | |

**\*\*\*\*\*\*\***

**JOINT MOTION
TO EXCLUDE TIME WITHIN WHICH TO INDICT
PURSUANT TO THE SPEEDY TRIAL ACT**

The parties in this case jointly submit this Motion to Exclude Time Within Which to Indict and to Exclude Time under the Speedy Trial Act.

1.      On June 2, 2020, the Honorable Charles B. Day signed a Criminal Complaint and Arrest Warrant for Defendant Charles Nabit.   The Defendant was arrested on June 10, 2020 and had his initial appearance the same day.   On June 10, 2020 the Honorable Beth P. Gesner ordered the Defendant released on conditions pending trial, after the defendant posted a secured property bond. In open court at his initial appearance, the Defendant waived his right to a preliminary hearing under Fed. R. Crim. P. 5.1.   The Court has previously tolled time from June 10, 2020 through December 31, 2020 from Speedy Trial Act calculations, and from the time within which the Government must indict. (ECF 35).

2.      The Speedy Trial Act provides that "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ."   18 U.S.C. § 3161(b).   Title 18 U.S.C. § 3161(h)(7)(A) provides for the exclusion of

"[a]ny period of delay resulting from a continuance granted by any judge on his [or her] own motion or at the request of the defendant or his [or her] counsel or at the

request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

18 U.S.C. § 3161(h)(7)(A).   The 30-day period from the date of arrest in this case is Friday, July 10, 2020.

3.      The circumstances of this case require the continuance of the timeframe within which to indict under the Speedy Trial Act.   On March 11, 2020, Chief Judge James K. Bredar entered a Standing Order imposing health and travel-related limitations on access to Court facilities due to the COVID-19 pandemic.   Since that time, a number of subsequent Standing Orders have been imposed, placing limitations on Court operating procedures due to the COVID-19 pandemic.

4.      Standing Order 2020-11 provided that the time period of the continuance implemented by the Order (that is, the time period between March 16, 2020 and July 31, 2020) shall be excluded under the Speedy Trial Act, based upon the Chief Judge's finding that the ends of justice served by ordering the continuance outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).   *See* Standing Order 2020-11, at 2-3.   Standing Order 2020-11 further ordered that "due to the unavailability of a grand jury in this District, the 30-day time period for filing an indictment or an information is TOLLED as to each defendant during the time period March 16, 2020 through July 31, 2020, in alignment with 18 U.S.C. § 3161(b)."   Standing Order 2020-11, at 3.   Most recently, Standing Order 2020-23 fully suspended grand jury meetings from December 18, 2020 through January 18, 2021.

5.      These orders were imposed following the January 31, 2020 declaration of a public health emergency by the Secretary of Health and Human Services; the March 13, 2020 declaration of a national emergency by the President of the United States; and the March 5, 2020 declaration of a state of emergency by the Governor of Maryland, all related to the COVID-19 pandemic in

2

the United States.   The measures enacted by the various standing orders suspending and limiting proceedings and operations were based upon guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.

5.      In this motion, the parties seek to exclude the time period of December 31, 2020 through March 1, 2021 from the time period for filing an indictment under 18 U.S.C. § 3161(h)(7)(A).   The parties further seek to exclude the time period of December 31, 2020 through March 1, 2021 from Speedy Trial Clock calculations and toll the normal 70 day timeframe during the pendency of that duration.

6.      The Government requests this based on the disruption and extraordinary circumstances that the United States and the State of Maryland are currently under due to the spread of COVID-19.

7.      Moreover, the parties have had multiple communications concerning discovery, which is voluminous. Permitting the parties to jointly exclude time from Speedy Trial Act calculations, and delay the time further for an indictment, will permit additional time to provide discovery and attempt to resolve discovery disputes and to begin the necessary research for pretrial motions, if any are needed.

8.      The aforementioned facts establish that the ends of justice are served by the requested postponement and exclusion of time outweigh the best interests of the defendant and the public in a speedy trial, and the requested exclusion of time within which to indict or file an information is therefore justified by 18 U.S.C. § 3161(h)(7).

9.       The Defendant, through his counsel, Steven A. Allen, Esq., consents and joins in this this Motion.

Wherefore, the parties respectfully request that the court enter an Order excluding the time period of December 31, 2020 and March 1, 2021 from the time period for filing an indictment or information and from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(7)(A), and that the Court further Order that extraordinary circumstances warrant this extension and that the interests of justice served by the requested extension and exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.   A proposed Order is submitted herewith.

Respectfully Submitted,

Robert K. Hur
United States Attorney

By: *Mary W. Setzer*

Mary W. Setzer
Daniel A. Loveland, Jr.
Assistant United States Attorneys

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 20-1429-CBD** |
| | * | |
| **CHARLES NABIT,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## ORDER

Having considered the Parties' Joint Motion to Exclude Time Within Which to Indict, it is,

ORDERED that the Court finds that any delay in the filing of an Indictment or Information in the above case between December 31, 2020 and March 1, 2021 shall be excluded pursuant to Title 18 U.S.C. § 3161(h)(7)(A), for the reasons set forth in the Government's motion.   And the time period between December 31, 2020 and March 1, 2021 is excluded from Speedy Trial Act calculations concerning the Defendant's trial.

Specifically, extraordinary circumstances exist such that the U.S. District Court for the District of Maryland previously suspended its criminal jury trials and grand jury meetings from March 16, 2020 through July 31, 2020 to prevent the spread of COVID-19.   The U.S. District Court for the District of Maryland has again suspended criminal jury trials and grand jury meetings through January 18, 2021.   The ends of justice are served by this requested delay.   The Court further finds, based on the foregoing facts and circumstances, that the ends of justice served by any extension and/or delay resulting from the continuance issued in this Order, outweigh the best interests of the public and the Defendant in a speedy trial.   Furthermore, the parties have represented that they have been in discussions concerning discovery and have jointly requested the

exclusions to further permit them to work through the Government's discovery and attempt to resolve discovery issues.

Therefore, the time from the date of arrest through March 1, 2021 is hereby excluded from computation of the time within which to Indict or file an Information under the Speedy Trial Act.

Further, the time from the date of arrest through March 1, 2021 is hereby excluded from computation of the time under the Speedy Trial Act for the purposes of commencing any trial against the Defendant.

_____
The Honorable Charles B. Day
United States Magistrate Judge

2